UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:19 CR 63 AGF |
| v. ) | |
| ) | |
| DEAN ALLEN McBAINE, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S NOTICE OF INTENT TO SEEK**
**ADMISSION OF EVIDENCE PURSUANT TO FED. R. EVID. 404(b)**

Pursuant to Federal Rule of Evidence 404(b), at the trial of this matter, the government will seek to introduce evidence of a domestic disturbance that occurred at the defendant's residence in Jefferson City, Missouri on or about August 16, 2018.

Specifically, in its case-in-chief, the government will present testimony of the defendant's estranged wife, Cassie McBaine, regarding an assault and unlawful discharge of a firearm committed by the defendant.  The government anticipates Cassie McBaine will testify that she and her husband, defendant McBaine, resided in Jefferson City, Missouri with their then two-year-old child.  Ethan McBaine, defendant McBaine's then 13-year-old son by a previous marriage, also resided with them in Jefferson City.

Specifically, Cassie McBaine will testify that on August 16, 2018 defendant McBaine became angry and threw a television on her and the two-year-old child.  Defendant McBaine then angrily discharged a firearm into the ceiling of their bedroom.  The bullets fired lodged in the walls of the upstairs bedroom where Ethan McBaine was sleeping.  The details of this incident are contained in the Jefferson City Police report number 2018-00035934.

1

Kathryn Motes, who is Ethan McBaine's mother, lives in St. Louis and will also testify at trial.  The government anticipates that Ms. Motes will testify that she quickly learned of the shots fired into Ethan's bedroom.  Concerned for Ethan's safety, she went to Jefferson City to retrieve Ethan and bring him back to St. Louis to reside with her.  In addition, while there, Ms. Motes applied for and received an Ex Parte/Full Order of Protection for both her and Ethan against defendant McBaine.  Cole County Circuit Court issued the Orders of Protection styled as cause numbers 18-AC-FC01138 and 39.

Kathryn Motes is employed by Superior Building Group (SBG), a St. Louis based general contractor for large construction projects around the country.  A portion of Ms. Motes' responsibilities at SBG is to award construction projects to outside construction companies.  Defendant McBaine owned and operated Empire Construction and, until the August 16, 2018 domestic violence incident, Ms. Motes frequently awarded construction jobs to Empire Construction on behalf of SBG.   Following the domestic disturbance, Ms. Motes ceased awarding construction projects to McBaine or his company.

The explosion that destroyed Ms. Motes' automobile while parked on her driveway in St. Louis occurred 17 days after the August 16, 2018 domestic violence incident.  The government asserts that the domestic violence incident and the negative consequences it inflicted on defendant McBaine are intrinsically intertwined with proving the charges.  However, out of an abundance of caution, the government hereby notifies the defendant that this incident is evidence of motive admissible under Federal Rule of Evidence 404(b).

**Admissible As Intrinsic Evidence**

The testimonial evidence regarding the Jefferson City domestic violence incident is intrinsic to the government's case as charged in the indictment.  Separate bad acts are intrinsic

2

when they are "inextricably intertwined with the charged crime." *United States v. Hall*, 604 F.3d 539, 543 (8th Cir. 2010).

Evidence of other bad acts is admissible as intrinsic when offered "for the purpose of providing the context in which the charged crime occurred" or to "complete[] the story [and] provide[] a total picture of the charged crime." *United States v. Johnson,* 463 F.3d 803, 808 (8th Cir.2006) (internal quotation marks omitted); see also *Carter v. United States*, 549 F.2d 77, 78 (8th Cir. 1977) (evidence of other bad acts is admissible when it "complete[s] the story of the crime on trial by proving its immediate context or the res gestae") (internal quotation marks omitted).

Here the necessary connect is obvious. When Ms. Motes became aware that defendant McBaine discharged a firearm in the house where their son was sleeping, she took action to protect Ethan. As a result, defendant McBaine not only lost custody of his son, but also became subject to Orders of Protection and suffered economically with the loss of contracts to McBaine's construction company. Motivated by the anger that the negative consequences exacted upon him, defendant McBaine retaliated by destroying Ms. Motes' automobile with an unregistered explosive device.

Without the testimony regarding the domestic disturbance, the jury in this case would be left wondering why defendant McBaine would travel from Jefferson City to St. Louis in the early morning hours to detonate an unregistered explosive device under his ex-wife's automobile.

### Admissible To Show Motive

Rule 404(b) of the Federal Rules of Evidence "is a rule of inclusion rather than exclusion, rendering admissible evidence of other crimes relevant to any issue at trial other than an accused's criminal disposition." *United States v. Benitez,* 531 F.3d 711, 716 (8th Cir. 2008).

3

Rule 404(b) permits a trial court to admit evidence of prior acts by a defendant to prove issues such as motive, intent, knowledge and absence of mistake. Under Rule 404(b), the evidence must be "(1) relevant to a material issue; (2) proved by a preponderance of the evidence; (3) higher in probative value than in prejudicial effect; and (4) similar in kind and close in time to the crime charged." *United States v. Vieth,* 397 F.3d 615, 617 (8th Cir. 2005) (citing *United States v. Shoffner,* 71 F.3d 1429 (8th Cir. 1995)). In addition, its probative value must outweigh any unfair prejudice. *United States v. Drapeau,* 414 F.3d 869, 87 (8th Cir. 2005). Because the testimony regarding the domestic disturbance and discharge of a firearm satisfy all four elements under Rule 404(b) without being unfairly prejudicial, it is admissible at trial.

First, defendant McBaine's prior bad act is relevant to the material issues of motive and intent in the case at hand.  Evidence that shows motive is admissible as it is "separate and distinct from the impermissible purpose of showing propensity." *See United States v. Gipson,* 446 F.3d 828, 831 (8th Cir.2006) (allowing other-acts evidence to demonstrate the defendant's knowledge, intent and plan).  Here, defendant McBaine's anger at Ms. Motes reaction to the domestic violence incident fueled his desire to do her harm.

Second, McBaine's actions on August 16, 2018 are supported by sufficient evidence. Under Rule 404(b), the government must prove defendant McBaine's misdeeds by "a preponderance of the evidence." *United States v. Vega*, 676 F.3d 708, 719 (8th Cir. 2012). The government will meet its burden through the eyewitness testimony of Cassie McBaine and the follow-up testimony of Kathryn Motes that will include admissions made to her by the defendant.

Third, the potential prejudice caused by defendant McBaine's actions does not outweigh the probative value. Although "all Rule 404(b) evidence is inherently prejudicial, the test [for

4

exclusion] . . . is whether its probative value is *substantially* outweighed by the danger for *unfair* prejudice. *United States v. Cook*, 454 F.3d 938, 941 (8th Cir. 2006).  Here, the probative value of defendant McBaine's assault and the resulting affects are the cause of the charged conduct. While the nature of the act is vituperative, such an act needed to be in order to engender the response of Ms. Motes that set the chain of events in motion.

Furthermore, to minimize any prejudice, the government will propose an instruction regarding the limited purposes for which the evidence of defendant McBaine's prior bad acts may be used. *See United States v. Cowling*, 648 F.3d 690, 699 (8th Cir. 2011) (holding that "the risk of unfair prejudice was reduced by a cautionary instruction to the jury"). Because defendant McBaine's prior acts are highly probative, and the risk of prejudice is greatly reduced by a cautionary jury instruction, they are admissible under Rule 404(b).

Fourth, while domestic violence is not "similar in kind" to the instant charge of failure to register an explosive device, "we do not consider the similar-in-kind requirement to be as significant when the evidence is admitted to show motive as it might otherwise be if the evidence was admitted to show intent or knowledge…" *United States v. Farish*, 535 F.3d 815, 820 (8th Cir. 2008)

When determining whether a defendant's prior conviction is sufficiently close in time to the charged crime under Rule 404(b), "there is no fixed period within which the prior acts must have occurred." *United States v. Baker*, 82 F.3d 273, 276 (8th Cir. 1996). Instead, a "reasonableness standard" applies. *United States v. Strong*, 415 F.3d 902, 905 (8th Cir. 2005). Defendant McBaine's domestic disturbance was just three weeks prior to the commission of the instant offense.

5

## CONCLUSION

The government offers the aforementioned testimonial evidence regarding the Jefferson City domestic violence incident to prove the defendants motive and intent in committing the charged offense. The testimonial evidence is intrinsic to the government's case as charged in the indictment. Furthermore, the evidence is admissible under 404(b) to prove the defendant's motive to commit the offense charged.

Therefore, the government respectfully requests that this Court enter an order *in limine* admitting such evidence, subject to an instruction regarding the limited purposes for which the evidence of defendant McBaine's prior bad acts may be used.

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney

 */s/ John T Davis*
JOHN T DAVIS, #40915MO
Assistant United States Attorney
111 South Tenth Street, 20th Floor
St. Louis, Missouri 63102

## CERTIFICATE OF SERVICE

I hereby certify that on the September 19, 2019, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Courts' electronic filing system upon the following:

Patrick Kilgore
Attorney for Dean Allen McBaine

*/s/ John T Davis*
Assistant United States Attorney