UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   4:19 CR 63 AGF |
| | ) | |
| DEAN ALLEN McBAINE, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S MOTION FOR UPWARD VARIANCE
PURSUANT TO TITLE 18, UNITED STATES CODE, SECTION 3553(a)**

The government respectfully moves this Court to impose an upward variance pursuant to Title 18, United States Code, Section 3553(a) in order to achieve a sentence sufficient, but not greater than necessary, to achieve the statutory objectives of Section 3553(a). Specifically, the government requests that the Court impose a non-guideline sentence of 60 months that is above the advisory range of 37 to 46 months.

In support of its motion, the government states as follows:

**AN UPWARD VARIANCE PURSUANT TO TITLE 18, UNITED STATES CODE, SECTION 3553(a) IS APPROPRIATE**

The advisory sentencing range is but one factor to be considered in arriving at the appropriate sentence. The Court must also consider the statutory sentencing factors outlined in Title 18, United States Code, Section 3553(a), which in part provides,

> [t]he court shall impose a sentence sufficient, but not greater than
> necessary, to comply with the purposes set forth in paragraph (2)
> of this subsection. The court, in determining the particular sentence
> to be imposed, shall consider—

1

>    **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
>
>    **(2)** the need for the sentence imposed—
>
>    > **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>    >
>    > **(B)** to afford adequate deterrence to criminal conduct;
>    >
>    > **(C)** to protect the public from further crimes of the defendant; and
>    >
>    > **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

Title 18, U.S.C. § 3553(a).

The government shall examine each of these factors in turn.

### A. The nature and circumstances of the offense and history and characteristics of the defendant.

The first of the Section 3553(a) factors requires the Court to consider the nature and circumstances of Dean McBaine's offense, along with his personal history and characteristics. Without belaboring the facts of the case that were fully presented at trial, the government submits that those facts, briefly summarized herein, reflect the nature and circumstances of the offense for Section 3553(a) purposes.

Defendant McBaine and his accomplice, Michael Bushman, constructed an explosive device using knowledge they acquired from having done so before as teenagers. Defendant McBaine placed that explosive device beneath his ex-spouses automobile where it exploded minutes later. The enormous explosion caused tremendous damage to the victims personal property and, but for good fortune, did not ignite secondary explosions at the natural gas lines

positioned very nearby.   Those secondary explosions would have cost at least two lives; McBaine's former spouse and their then 13-year-old son who were both inside asleep.

Perhaps more telling, the bombing came in response to a change in custody of the couple's son.   That change came in response to defendant McBaine's violent outburst three weeks prior at his home in Jefferson City where their son was then residing.   Upon learning defendant McBaine had fired bullets into the son's bedroom, his former spouse took custody of their son and moved him to St. Louis, enrolled him in a new school and obtained orders of protection.

The violent act of the explosion, destruction of personal property and wanton disregard for personal safety of others followed the violent act of firing a handgun inside an occupied dwelling.

As reflected in paragraph 31, page 8 of the presentence investigation report, in 2010 McBaine discharged a 9 mm firearm from a vehicle in St. John, Missouri.   Also, as reflected in paragraph 32, page 8, in 2016 McBaine was placed on probation for unlawful use of a weapon in Madison County, Illinois.

In addition, although defendant McBaine denies it, law enforcement records show his prior gang affiliation with the Sin City Disciples motorcycle gang.   (Presentence report paragraph 38, page 11.)

> **B. The need for the sentence imposed to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.**

The advisory guidelines recommend a sentencing range of thirty-seven to forty-six (37-46) months for the offense. The Government submits that such a sentencing range does not adequately deter criminal conduct and protect the public from further crimes of the Defendant. While it is clear that the Defendant could benefit from the various programs offered by the Bureau of Prisons, and no doubt he will, a sentence of less than five years is not adequate punishment or deterrence.

The Government submits that an upward variance is appropriate and that a sentence of 60 months is appropriate.

**CONCLUSION**

A violent explosion resulting from the detonation of a homemade explosive device caused serious damage both economically and emotionally.   However, by the grace of good fortune, there was no physical injury or death.

The explosion a direct result of the defendant's uncontrolled temper.   He was irrationally angry over the justifiable consequences of his previous domestic abuse that also put his minor son's life in jeopardy. This defendant has shown a long-term pattern of violence that include the use of firearms.

For the foregoing reasons, the government requests that the Court impose a non-guideline sentence of 60 months that is above the advisory range of 37 to 46 months.

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney


 /s/ *John T Davis*
JOHN T DAVIS #40915MO
Assistant United States Attorney
111 South 10th Street, Room 20.333
St. Louis, MO 63102
(314) 539-7607
John.davis5@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2020, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Patrick Kilgore, attorney for defendant.


*/s/ John T Davis*